## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES FRATZ,** | : | **CIVIL ACTION** |
| **Individually And On Behalf Of** | : | |
| **All Others Similarly Situated,** | : | **NO. 11-cv-** |
| **2211 Palomino Drive** | : | |
| **Warrington, PA 18976** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CAPITAL ONE BANK (USA), N.A.** | : | |
| **4851 Cox Road** | : | |
| **Glen Allen, VA 23060,** | : | |
| | : | |
| **And** | : | |
| | : | |
| **GOLDMAN & WARSHAW, P.C.** | : | |
| **312 W. Broad Street** | : | |
| **Quakertown, PA 18951,** | : | |
| | : | |
| **Defendants** | : | |

## CLASS ACTION COMPLAINT IN CIVIL ACTION

### I.  INTRODUCTION

1.  Plaintiff brings this class action on behalf of himself and a nationwide class of similarly situated individuals (the "Class", including, but not limited to, the named sub-classes), as described below.

2.  Defendants have uniformly engaged in a scheme of illegal and deceptive business practices that violate federal and state law in attempting to collect credit card debt from persons, using false information and documentation, and without proper documentation sufficient to establish and substantiate the cause(s) of action attempted to be the bases for the respective collection actions.

3.     This scheme is carried out by Defendants by means of centrally controlled sets of policies and practices, and the like, and is conspiratorially implemented by and among other entities and persons (co-conspirators) with form documents, form notices, and form complaints, against alleged debtors, yet with knowingly false documentation and without information necessary to justify the cause(s) of action being asserted.

4.     The scheme is carried out knowingly using false and inapplicable documentation indiscriminately provided by Defendants attempting to foist upon the victims the imprimatur of substantiating documentary evidence.

5.     Defendants routinely and conspiratorially participate and engage in the initiation and perpetuation of attempts to collect debt from and against persons the documentation for which is knowingly false, non-existent, or otherwise not available to substantiate the cause(s) of action asserted in attempting to collect alleged debt obligations.

6.     Defendant, Goldman & Warshaw, P.C. ("Law Firm") (hereinafter referred as "LAW FIRM"), to justify the collection actions referred to them by credit issuers and/or holders of credit card, file suit, continue and perpetuate the law suit, without proper documentation, indiscriminately and knowingly attach incorrect, false, or otherwise irrelevant documentation as exhibits to complaints and/or as evidence for trial with the belief that the consumer will not further question or investigate the efficacy of the complaint, exhibits, and other evidentiary documentation.

7.     In the case of the individual Plaintiff, LAW FIRM, for and on behalf of defendant, Capital One Bank (USA), N.A. successor in interest to Capital One Bank (hereinafter referred to as "Capital One") filed a Complaint with an attached affidavit by

2

an agent for Capital One that states, *inter alia*: "This action is based on a claim for breach of contract ... ." *See* Exhibit "A", a true and correct copy of the Complaint filed in the underlying action.

8.     The Complaint in the underlying action references "contract", directly or indirectly, as follows:

   a.     Paragraph 1 references "terms", pertaining to a contract ;

   b.     Paragraph 2 references "terms and conditions", pertaining to a contract;

   c.     The *ad damnum* clause references defendants' right to collect interest and attorney's fees, elements of contract.

9.     By letter dated March 29, 2011, Law Firm, for itself and for and on behalf of Capital One, presented plaintiff's attorney with the documentation "which may be submitted at the arbitration hearing ... ." *See* the covering letter attached hereto as Exhibit "B".

10.     Accompanying Exhibit "B", as evidence, were the following documents, *inter alia*:

   a.     "Customer Agreement applicable to all Capital One Cardholders" and

   b.     "Credit Card Application signed by Mr. Fratz and submitted to Capital One Bank".

11.     The "Credit Card Application signed by Mr. Fratz and submitted to Capital One Bank", is dated November 2, 2002. *See* Exhibit "C".

12.     The "Customer Agreement applicable to all Capital One Cardholders" is attached hereto as Exhibit "D". Note: At the very bottom of the last column of the last page of Exhibit "D", there is a printed notation as follows: "© 2005 Capital One Services, Inc. Capital One is a federally registered service mark. All rights reserved."

13.     The attached Cardholder Agreement" (the "Agreement") is clearly not the applicable operative agreement, but is apparently a form of agreement that is/was apparently "available", "convenient", to attach as an exhibit and present as evidence. The attached Agreement significantly post-dates the dates that the credit card was allegedly issued and could not have been the operative Agreement.

14.     Plaintiff alleges that this practice constitutes violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq* ("FDCPA"), and state statutes and common law.

15.     Capital One has perpetuated this behavior of producing false documentation and evidence through its various attorneys, to wit:  *See Henner and Nuel, et al. v. American Express and Capital One Bank (USA), N.A., et al.,* U.S.D.C., E.D. Pa., 10-cv-5764 MSG, incorporated herein by reference. For a similar case, not involving Capital One, however, *see Ryder (Trimble, et al. v. Discover Bank, et al.,* U.S.D.C., E. D. Pa., No. 11-cv-01069 MSG.

16.     Law Firm has its principal place of business in the State of New York.

17.     Plaintiff seeks injunctive relief to prevent the continuation and recurrence of the challenged conduct, and to assure uniform standards by which Defendants will not seek collection from consumers knowingly using false documentation and knowingly

4

without sufficient backup documentation to substantiate the claims asserted in the complaints.

18.     Plaintiff also seeks restitution for damages, including, but not limited to, costs incurred, collections made, attorney's fees and costs, statutory damages, punitive damages, and whatever other relief this Court may deem appropriate.

## II.     JURISDICTION AND VENUE

19.     Jurisdiction is upon this Court pursuant to 15 U.S.C. § 1692k(d) ("FDCPA").

20.     Venue is appropriate in this district as the violations underlying this action were made in this District; all defendants conduct business in this district.

## III.    THE PARTIES

21.     Plaintiff, Charles Fratz, is a citizen and resident of the Commonwealth of Pennsylvania, and resides at the address set forth in the caption.

22.     Defendant, Capital One), is a federal savings bank with its principal office located in the State of Virginia, and it is believed that Discover is incorporated in the State of Delaware.

23.     Law Firm is a law firm with its principal place of business in the State of New York. It has offices, or its attorneys are licensed to practice law in the following states, *inter alia*: Pennsylvania, New Jersey, New York, Massachusetts. It is believed that Law Firm has affiliates throughout this nation for creditor representation to act as local counsel anywhere a debtor is located throughout the United States.

24.     Law Firm is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

25.     Capital One is a creditor, and the issuer of the credit cards that are the

bases of this case and the underlying actions.

## IV.    SUMMARY STATEMENT OF THE CASE

26.     This case arises from a scheme concocted and perpetuated by Defendants,

as described in the following scenario:

> When defendants engage in the initiation and perpetuation of credit card
> collection law suits, exhibits intended to reflect a contractual undertaking between
> the parties are misrepresentations in that the exhibits are indiscriminately chosen
> and attached to the complaints regardless of their inapplicability to the actual
> defendant; that is, the exhibited Agreements are false representations of any
> Agreement entered into by the parties.

27.     As a result of the previous litigation claims cited in paragraph 15, above,

Defendants have been, at all times relevant, aware that they have been utilizing false

documentation as evidentiary documentation.

28.     As a result of the previous litigation claims cited in paragraph 15, above,

Defendants have been, at all times relevant, aware that they have been utilizing false

documentation as exhibits to pleadings and trial.

29.     In too many cases, the wronged consumers – those whom the United

States Congress has referenced as "the least sophisticated consumers" - succumb to the

perceived power and ostensible computer-accuracy of the creditors and debt collectors,

and these improperly named litigant-defendants pay or permit judgments to be achieved

against them.  Otherwise, these wronged consumers are forced to seek counsel at a

financial cost.

30.     These acts by defendants have violated and continue to violate federal and

state law, including common law, and Plaintiff and the members of the Class have

suffered damages as a result.

## V.    CLASS ACTION ALLEGATIONS

31.    This case is properly maintainable as a nationwide Class action pursuant

to and in accordance with Federal Rule of Civil Procedure ("F.R.C.P."), Rule 23(a), and

28 U.S.C. 1332(d), *inter alia*:

(1)    On belief, the Class is so numerous that joinder of all members is

impractical.  Although the size of the Class is not specifically known, the number of

Class members is substantial, believed numbering at least in the thousands.

(2)    There are substantial questions of law and fact common to the

Class.

(3)    The claims of the representative Plaintiff are typical of the claims

of the members of the Class.

(4)    The representative Plaintiff will fairly and adequately protect the

interests of the Class under the criteria set forth in F.R.C.P. 23.

(5)    A class action under the circumstances discussed herein provides

the most fair and efficient method for adjudication of the controversy under the criteria

set forth in F.R.C.P. 23.

32.    This case is properly maintainable as a Class action pursuant to and in

accordance with F.R.C.P. 23(b)(3).

a.    The issues of fact are common to the members of the Class, as

required by Local Rule of Civil Procedure ("Local Rule") for the Eastern District of

Pennsylvania, 23.1(b)(2)(D).

b.    The questions of law are common to the members of the Class, as

required by Local Rule 23.1(b)(2)D).

7

c. The questions of law and the questions of fact predominate for the Class over any questions of law and/or fact affecting only individual members of the Class.

d. A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class are overwhelmingly predominant.

e. As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

f. There is no reason why the litigation should not proceed in this particular forum.

g. There are no unusual difficulties foreseen to be encountered in the management of this Class action.

h. Plaintiff is aware of the following similar actions involving similar issues with one involving Capital One, the same Defendant hereinabove named, having been filed in the United States District Court for the Eastern District of Pennsylvania:

(i) *Henner, et al. v. Apothaker & Associates, et al.*, U.S.D.C., E.D. Pa., No. 10-cv-05765 MSG. This case involved Capital One as a defendant. This case was amicably resolved with a settlement on an individual basis;

(ii) *Trimble (Ryder), et al. v. Discover Bank, et al.*, U.S.D.C., E.D. Pa., No. 11-cv-01069 MSG. This case does NOT involve either of the captioned defendants; however, this case does involve the very same issues as the captioned matter and the Henner, *et al.*, matter. This case is in the beginning stages of litigation.

i. The claim by Plaintiff, himself, and for and on behalf of the members of the Class, is justified as a Class action for the reason that, although the size of the Class is not specifically known, the number of Class members is substantial, believed numbering at least in the thousands on a nationwide basis.

33. A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class is overwhelmingly predominant.

34. As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

35. The claims by Plaintiff, for himself and for and on behalf of the members of the Class, are justified as a Class action for the reason that the causes of action for the Plaintiff is the same causes of action for all of the members of the Class derived from the following issues:

a. Whether Defendants, in initiating and perpetuating collection law suits, have wrongfully and/or knowingly done so regardless of the knowing lack corroborating documents or evidence available to substantiate the claims asserted;

b. Whether Defendants, in initiating and perpetuating collection law suits, have wrongfully and/or knowingly attached clearly inapplicable and false exhibits and evidence, falsely representing that they are the applicable contracts;

c. Whether Defendants have a uniform policy of attaching and misrepresenting the purported contracts to the complaints as the applicable and governing

contract between the parties, which agreements bear no relationship to the respective members of the Class;

      d.      Whether Defendants have a uniform policy of presenting and misrepresenting the purported contracts as evidence as the applicable and governing contract between the parties, which agreements bear no relationship to the respective members of the Class;

      e.      Whether defendants conspire one with the other to proffer the misrepresentations to the members of the Class;

      f.      Whether these acts and actions are violative of the FDCPA;

      g      Whether these acts and actions described above are violative of the consumer protection statutes of the Commonwealth of Pennsylvania;

      h.      Whether Plaintiff and the members of the Class incurred damages as a result of these violations and are Defendants liable therefor?

      i.      Whether the acts of proffering inapplicable Whether Plaintiff and the members of the Class are entitled to injunctive relief, restitution, interest thereon, attorney's fees, punitive damages, statutory damages and other damages as a result of the improper attempts to collect credit card debt from non-liable persons?

## VI.   **THE CLASS**

      36.     The above-named Plaintiffs bring this action on behalf of themselves and:

> All persons who have been the subject of collection law suits brought by Defendants for which the Defendants attach as corroborative exhibits and/or as evidence written agreements represented by defendants as the written agreements governing the parties and serving as the written basis for the liabilityasserted against the alleged debtors/consumers, which attached exhibits and/or evidence are clearly and knowingly inapplicable, and do not represent any contractual relationship between the parties, and,

furthermore, which agreements constitute intentional misrepresentation to the respective Courts and to the defendants named in the litigation.

## VII. PLAINTIFFS' FACTUAL STATEMENT

37. On November 28, 2008, Law Firm, on behalf of Capital One, filed a collection law suit in the County of Bucks, Pennsylvania, docketed in the Court of Common Pleas as *Capital One Bank (USA), N.A., v. Charles Fratz,* No. 08-12145-34-1. *See* Exhibit "A".

38. Plaintiff, Charles Fratz, filed a timely Answer and New Matter to the Complaint.[1]

39. By date of March 29, 2011, Law Firm, on behalf of Capital One, served on plaintiff's attorney documents intended by defendants to be presented as evidence at the trial of the case. *See* Exhibits "B", "C", and "D".

40. The evidence includes a contract represented as the opera3tive contract, but which is clearly NOT the operative contract. *See* paragraphs 8 through and including 12, above..

41. The evidence proffered by defendants is clearly intended to represent the governing contract between the parties.

42. The evidence clearly does NOT represent the governing contract between the parties, as the application for issuance of the credit card is dated 2002, and the contract is dated 2005.

43. The theme and context of the Amended Complaint is the Cardholder Agreement controlled the terms and conditions of the alleged creditor-debtor relationship.

---

[1] Although Fratz's response and the docket entries referenced a counterclaim, there was no counterclaim.

44.    Incredibly, the evidence misrepresented by defendants attempt to foist upon the plaintiff a contract that can have no bearing or relationship to the transaction sought to be enforced by the defendants.

45.    Furthermore:

a.    This Agreement is NOT signed by plaintiff;

b.    This Agreement appears to have been published in the year 2005.

46.    In any event, the proffered Cardholder Agreement is dated three years after the card was issued.

47.    Clearly, the attached agreement is false and is not applicable to the account of plaintiff.

48.    The attached Cardholder Agreement is NOT a modification or amendment, or the like.

49.    The cover letter accompanying the false exhibit states, in capital letters: "THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE – THIS COMMUNICATION IS FROM A DEBT COLLECTOR"

50.    These wrongful collection activities are intended by the Defendants to secure collection from those whom the United States Congress has defined as the "least sophisticated consumer".

51.    These wrongful collection activities include, but are not limited to:

a.    Attaching as exhibits to complaints documentation knowingly not pertinent or relevant, constituting misrepresentation; and

> b.      Proffering as evidence documentation knowingly not pertinent or

relevant, constituting misrepresentation.

52.      Plaintiff was caused to utilize the services of the undersigned attorney to

exculpate Plaintiff from these wrongful collection efforts and paid a retainer of

$1,800.00, which was a reasonable and necessary expenditure.

## VIII.   COMMON CLASS ELEMENTS

53.      Plaintiff and each member of the Class has been the subject of collection

efforts to collect debts for which there is no corroborative evidence in the form of a valid

Cardholder Agreement, and possibly other relevant documentation.

54.      The law suits against Plaintiff and the members of the Class with their

knowingly wrong attachments and the knowing lack of corroborative evidence constitute

violations of the FDCPA.

55.      All of these similar law suits are and have been in violation of various

state consumer protection statutes.

56       As to the individual Plaintiff, the attempts to collect and/or the collection

of these unsubstantiated contractual charges and use of false documentation are in

violation of the provisions of 73 P.S. § 2270.4(b) including, but not limited to sub-section

(6) thereof:

> "A creditor may not use unfair or unconscionable means to collect or
> attempt to collect any debt.  Without limiting the general application of the
> foregoing, the following conduct is a violation of this paragraph:
> (i)  The collection of any amount, including interest, fee, charge or
> expense incidental to the principal obligation, **unless such amount is
> expressly authorized by the agreement creating the debt or permitted
> by law.**" (Emphasis Supplied.)

57.     These issues of fact, therefore, for all members of the Class are the same as set forth above, with minor, not substantial, variation.

58.     The questions of law governing the rights of each member of the respective Class are the same as they relate to Plaintiff, and involve the all-pervasive issue as to the legality in law of an attempt to collect credit card debt utilizing wrong documentation therefor.

59.     Defendants engage in a uniform scheme and course of conduct to inflate their respective profits by routinely attempting to collect and collecting credit card debt by filing law suits utilizing and misrepresenting wrong documentation as exhibits and evidence.

## IX.    CAUSES OF ACTION

### COUNT I – VIOLATION OF 15 U.S.C. § 1692a, *ET SEQ.*
### CLASS ACTION
### PLAINTIFF, *ET AL.* V. LAW FIRM

60.     The averments of paragraphs one through and including fifty-nine above are incorporated herein by reference.

61.     Law Firm is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

62.     Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692a(3).

63.     15 U.S.C. § 1692e provides: "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." In fact, Law Firm, utilizing the false Cardholder Agreements has violated:

    a.     15 U.S.C. § 1692e(2)(A):    The character, amount and legal status of the debt for which the attached agreement is a false representation of the basis for the debt;

    b.     15 U.S.C. § 1692e(2)(B):    The false representation that the attached Cardholder Agreements representing the basis for the amounts claimed to be due and which may be lawfully received is a violation of the FDCPA. There are false representations as Defendants knowingly have no such right contractual rights against Plaintiffs pursuant to the false Cardholder Agreements;

    c.     15 U.S.C. § 1692e(10):    False and deceptive means to collect or to attempt to collect these debts to the extent that the cited basis for the debt is false.

64.    15 U.S.C. § 1692f, provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The following conduct by Defendant evidence the violation by them of the FDCPA:

    a.     Defendant used and continues to use unfair and unconscionable means to collect or attempt to collect debts based on law suits with false documentation attached and which is being utilized to fool the consumers into believing that the false attachments are sound bases for the law suits.

    b.     15 U.S.C. § 1692f(1): The collection of any amount … unless such amount is expressly authorized by the agreement creating the debt or permitted by law". The debts attempted to be collected and/or have been collected are not authorized or permitted by the attached false document contract.

65    15 U.S.C. § 1692k specifically authorizes a private action to recover damages sustained because of these violations.

66.    15 U.S.C. § 1692k permits class actions.

67.    The acts and actions that are in violation of the FDCPA occurred within one year of the filing of this Complaint.

68.    The acts and actions by the "Debt Collector", LAW FIRM, were clearly knowing and intentional.

69.    The specific acts and action by Defendants constituting the bases for this Complaint are set forth above, and are incorporated herein by reference, correlated with the attached exhibits, for the detail of these acts and actions, including, the time, date, place author and the specificity of the false communications, misrepresentations and violations of the FDCPA of which Plaintiff complains.

70.    It is believed and therefore averred that the Defendants facilitated these wrongful actions for the purpose of enhancing their collections, regardless of the falsity of the attached Cardholder Agreements.

71.    A simple reasonable review of the basic documentation as to each account which is the subject of such law suits would have divulged to Defendants that the attached Cardholder Agreement was not applicable.

72.    A reasonable investigation would have revealed to Law Firm that the Cardholder Agreement was a false representation that did not cover or concern themselves with the Plaintiff or her alleged debt.

73.    Plaintiff suffered damages in the form of the respective costs to secure legal representation to respond to the complaint.

74.    It is believed and therefore averred that Plaintiff and the members of the Class are entitled to recover damages as a result of the violations of the FDCPA by

16

defendants in the form of compensatory damages, including, but not limited to, restitution to members of the Class who paid Defendant, statutory damages, attorney's fees and costs and interest.

75.    It is believed and therefore averred that the attachment of these fake documents and use as evidence were knowing and intentional, therefor.

76.    As such, plaintiff and the members of the Class are entitled to treble damage and/or punitive damages as permitted by statute.

WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to

A.    Certifying the Class described, and appointing Plaintiff as representative of the Class, and the undersigned as Class counsel;

B.    Requiring that the "Debt Collectors" Defendants pay compensatory damages, restitution, statutory damages, attorney's fees and experts' fees, and punitive damages as appropriate; and

C.    Enjoining the Defendants from conducting such violative activity in the future, and

D.    Granting such other relief as the Court may deem appropriate.

## COUNT II - UNFAIR AND DECEPTIVE TRADE PRACTICES
## PLAINTIFF V. DEFENDANTS

77.    The averments of paragraphs one through and including seventy-six, above are incorporated herein by reference as if set forth herein at length.

76.    Defendants have advertised, offered for sale or distribution its respective products and services.

17

77.    Defendants have engaged in unfair and/or deceptive acts and trade practices, unfair methods of competition, and have practiced other unfair or deceptive acts or practices directly or indirectly adversely affecting the members of the Class, as described above.

78.    The acts and practices include, but are not limited to:

a.    Knowingly making false and misleading representations of fact, in writing;

b.    Knowingly misrepresenting that the attached Cardholder Agreements govern the basis of the law suits and the legal relationship between the parties;

c.    Utilizing false and misleading characterizations for the amount claims to be due, intending to mislead the consumer;

d.    Taking any action that cannot legally be taken or justified;

e    Otherwise engaging in other fraudulent conduct "which creates a likelihood of confusion or of misunderstanding";

f.    Engaging in any other conduct deemed to constitute unfair trade practices, unfair methods of competition, or other unfair or deceptive acts or practices.

79.    The facts constituting the basis for these unfair trade practices are as set forth above, and specifically in paragraphs 31 through and including 51, and the attached exhibits. Defendants have engaged in other activity further exacerbating its participation in unfair trade practices.

80.    These unfair trade practices in which Defendants have participated are all intertwined with the factors constituting misrepresentation:

        a.       By acts, Defendants have made representations of a material nature that Defendants knew (or should have known) were misrepresentations. These misrepresentations were made to Plaintiff and the members of the Class.

        b.       These misrepresentations were made with the intent to cause Plaintiff, *et al.*, to reasonably rely to their detriment, which occurred, causing Plaintiff to suffer damage, including, but not limited to, paying sums of money for legal representation, and/or paying sums of money to pay for the debt Defendants claim Plaintiff owes misrepresenting the legal basis therefor;

        c.       Filing law suits with the knowledge that corroborative evidence was false.

        d.       These misrepresentations were made with the intent to cause Plaintiff, *et al.*, to reasonably rely to their detriment, which occurred, causing Plaintiff to suffer damage, including, but not limited to, attorney fees to contest the complaints.

        e.       Because of Defendants' misrepresentations and Plaintiff's reasonable reliance thereon, Plaintiff suffered damages, including the necessary legal representation.

        f.       The representations made by Defendants were false, constituting misrepresentations.

        g.       These misrepresentations were manifested by mischaracterizations in writings.

        h.       Plaintiff reasonably relied upon these misrepresentations to their detriment.

        i.       As a result of this reliance, Plaintiff has suffered additional damage, including the payment of attorney's fees.

81.     It is believed and therefore averred that the misrepresentations were intentional, or at least so recklessly made as to constitute intentional fraudulent statements.

82.     Defendants have, therefore, engaged in unfair trade practices to consumers. As such, Defendants are in violation of or has violated Pennsylvania Statutes 73 P.S. § 201-1, *et seq.*, and 73 P.S. § 2270.4(b)(5) ( and 73 P.S. § 2270.5, and the consumer statutes of other states.

83.     Defendants have, therefore, engaged in misrepresentation and fraudulent misrepresentation, causing Plaintiff to suffer damages as provided by statute.

        WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to compensatory damages, statutory damages, treble damages, punitive damages, attorney's fees and costs, interest and such other relief as the Court may deem appropriate.

                              Respectfully submitted:


                              Stuart A. Eisenberg
                              Attorney I.D. 12433
                              Carol B. McCullough
                              Attorney I.D. 56424
                              MCCULLOUGH EISENBERG, LLC
                              Suite 201
                              530 West Street Road
                              Warminster, PA 18974
                              1-215-957-6411

Attorney for Plaintiff