Exhibit "C"

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES FRATZ,

    Plaintiffs,

vs.                      Case No.:  11-cv-02577 MSG

GOLDMAN & WARSHAW, P.C., ET AL

    Defendant.

_____/

    Oral Examination of **BARRY A. ROSEN**, held on October 27, 2011, at the offices of Maurice & Needleman, 5 Walter Foran Blvd., Suite 2007, Flemington, New Jersey, commencing at 10:00 a.m., before Beth Radabaugh, Shorthand Reporter and Notary Public in and for the State of New Jersey.



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**ACR ACCURATE** COURT REPORTING, INC.

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

2
B. ROSEN

1

2   **APPEARANCES:**

3

4   MC CULLOUGH EISENBERG, LLC

5   BY:   STUART A. EISENBERG, ESQ.

6   65 West Street Road, Suite A-105

7   Warminster, Pennsylvania   18974

8   (215) 957-6411

9   Mlawoffice@aol.com

10  Counsel for Plaintiff

11

12  MAURICE & NEEDLEMAN, P.C.

13  BY:   JOANN NEEDLEMAN, ESQ.

14  One Penn Center, Suite 935

15  1617 John F. Kennedy Boulevard

16  Philadelphia, Pennsylvania   19103

17  (215) 789-7151

18  Joann@mnlawpc.com

19  Counsel for Defendants

20

21  ALSO PRESENT:

22  David Warshaw, Esq.

23

24

25



Nationwide Depositions, Hearings and Trials ● Conference Facilities
Videoconferencing ● Legal Video Services ● Exhibit Scanning
Transcript / Video Synchronization ● 24-7 Online Repository

**1.888.ACR.3335 ● 1.800.862.4206 (FAX)**

info@acrdepos.com ● www.acrdepos.com ● scheduling@acrdepos.com

3

B. ROSEN

## INDEX TO EXHIBITS

**DESCRIPTION**

**MARKED**

Exhibit-GW-1                                                     16

Office notes


Exhibit-GW-2                                                     32

Letter to Stuart A. Eisenberg

from Barry A. Rosen

dated 3/29/11 with attachments


Exhibit-GW-3                                                     52

Docket entries for Bucks County


Exhibit-GW-4                                                     54

Answer to Plaintiff's Complaint

with Affirmative Defenses



Nationwide Depositions, Hearings and Trials ● Conference Facilities
Videoconferencing ● Legal Video Services ● Exhibit Scanning
Transcript / Video Synchronization ● 24-7 Online Repository

**1.888.ACR.3335 ● 1.800.862.4206 (FAX)**

info@acrdepos.com ● www.acrdepos.com ● scheduling@acrdepos.com

4

1          B. ROSEN

2  **ORAL EXAMINATION OF BARRY A. ROSEN**

3          OCTOBER 27, 2011

4     Thereupon,

5          **BARRY A. ROSEN,**

6     having been first duly sworn by a Notary

7     Public, was examined and testified as

8     follows:

9          **EXAMINATION**

10    **BY-MR.EISENBERG:**

11         Q.   May I call you Barry?

12         A.   Sure.

13         Q.   Okay.  Barry, you and I did meet a

14    couple of weeks ago, didn't we?

15         A.   A few weeks ago.

16         Q.   And what were the circumstances of

17    that?

18         A.   An arbitration in the case of

19    Capital One Bank N.A., (USA), N.A. versus

20    Charles Fratz.

21         Q.   Okay.  And your attendance at that

22    arbitration was in what capacity?

23         A.   As counsel to Capital One Bank.

24         Q.   Okay.  And where was that held at?

25         A.   In a room in court, in the Bucks



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**

info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

B. ROSEN

1

2    relationship between Capital One and the

3    user, in this case Mr. Fratz.

4        Q.  And your GW-1, the GW-1 that you

5    have doesn't refer in any respect or at any

6    place when the agreement, the customer

7    agreement was received by Goldman & Warshaw?

8        A.  No, it does not.

9        Q.  Can you explain how the agreement

10   that was part of your March 29th, 2011

11   letter to Mr. Fratz's counsel, which was me,

12   and was introduced to the arbitration panel

13   became an exhibit?

14           MS. NEEDLEMAN:  I'm going to object.

15   He can't determine when something becomes an

16   exhibit.  That's for a court to make a

17   determination of whether an exhibit is

18   accepted.  If you're talking about when the

19   document was sent and when they got it,

20   that's a different question.

21       Q.  When did you get it?

22       A.  I don't know.

23       Q.  Do you have any indication or

24   knowledge that that contract that I

25   referenced was a part of the Fratz file?



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**

info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

40
B. ROSEN

1

2     A.   Not the Fratz file particularly, no.

3     Q.   Well, then where did it come from?

4     A.   It came from the client.

5     Q.   Did it come from client, if you

6  know, for any particular file other than the

7  Fratz file?

8     A.   Not that I'm -- no, it did not.

9     Q.   It came specifically for the Fratz

10  file?

11    A.   No.

12    Q.   I'm trying to determine where did

13  Goldman & Warshaw get the copy of this

14  customer agreement that it attached to the

15  letter and presented as an exhibit to the

16  arbitration panel.

17    A.   It was sent to us by the client.

18    Q.   But you don't know when?

19    A.   I do not.

20    Q.   You don't know if it was preceding

21  2005?

22    A.   I don't.

23    Q.   Do you know if that particular

24  contract was used as an exhibit in other

25  cases?



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

41

B. ROSEN

1
2    A.   I believe it was, yes.

3        Q.   And do you know if this particular

4    exhibit was just attached to other cases as

5    a card member agreement without corroboration

6    that it was the actual agreement given at

7    the time of application?

8            MS.  NEEDLEMAN:   I'm going to object

9    to the form of the question.   I don't

10   understand the question.   You're going to

11   have to repeat it.

12       Q.   Well, let me give you some basis.

13           MS.  NEEDLEMAN:   Please.

14       Q.   You know that we have argued that

15   you have a 2002 application.   You've

16   testified that the credit card was issued in

17   2002, November 9th I think you said, and yet

18   there's a contract -- I'm sorry, a card

19   member or a card holder agreement that says

20   copyright 2005.   I'm trying to understand how

21   a card member agreement dated 2005 gets

22   attached as the operative agreement between

23   the credit card company and the purported

24   debtor without a document to which it may

25   have been an amendment.   In other words, all

**ACCURATE** COURT REPORTING, INC.

Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**

info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

B. ROSEN

1

2      I see is a card member agreement dated 2005.

3      I'm trying to understand how that gets

4      attached as the operative terms and

5      conditions governing the relationship between

6      client -- between debtor and creditor three

7      years after the application has been signed

8      and approved.  Can you explain that?

9              MS. NEEDLEMAN:  Well, I'm going to

10     object to the question because that's a

11     question directed to Capital One, but Barry

12     --

13             MR. EISENBERG:  I'm directing it to

14     him.

15             MS. NEEDLEMAN:  Well -- all right.

16     If you can answer the question, Barry.  Note

17     my objection.

18          A.   I'm not sure what the question is.

19     I understand what you're trying to achieve,

20     but I don't know what question you've asked

21     me.

22          Q.   It basically is how does a 2005 card

23     member agreement get attached to a list of

24     exhibits asserting that it is the governing

25     agreement between debtor and creditor going



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

43
B. ROSEN

1  back to a transaction that was 2002?

2      A.  Well, you're asking me to explain

3  something as opposed -- and you'll forgive

4  me, but I think you're asking me to explain

5  something as opposed to asking me a question

6  about it, and I'm not sure where -- I'm not

7  sure what I'm supposed to be answering at

8  this point.

9      Q.  How did the 2005 agreement get

10  assigned by Goldman & Warshaw as an exhibit

11  purporting to govern the relationship of a

12  2002 relationship?

13      MS. NEEDLEMAN:  Objection to form.

14  If you can answer.

15      A.  We were so instructed by our client.

16      Q.  Okay.  So Capital One gave you this

17  document and said to you, I'm asking you a

18  question, this is the agreement that you have

19  to attach as the exhibit; is that correct?

20      A.  They didn't say anything about

21  attaching it as an exhibit.  In other words,

22  I don't know that they know how -- my guess

23  is they don't know anything about Rule 1305

24  in Pennsylvania.  We received instructions



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

1.888.ACR.3335 • 1.800.862.4206 (FAX)

info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

44

B. ROSEN

1
2    that this was the agreement to use in

3    certain cases, in certain instances.

4        Q.   Do you have evidence of any

5    communication that gives this instruction?

6            MS. NEEDLEMAN:   I'm going to object

7    to the question.   The question is about the

8    Bucks County complaint.   You're asking for

9    communication between my client and Capital

10   One, which is outside the scope of the

11   deposition.

12           MR. EISENBERG:   Are you instructing

13   him not to answer?

14           MS. NEEDLEMAN:   He can answer the

15   question.   Note my objection.

16           THE WITNESS:   I would like to talk

17   to you before we --

18           MS. NEEDLEMAN:   You can't.   You're

19   under oath.

20           THE WITNESS:   Okay.   That's not my

21   understanding, but okay.

22           MS. NEEDLEMAN:   I'd love to, but I

23   can't.

24           THE WITNESS:   That's okay.

25           MR. EISENBERG:   Off the record.



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**

info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

45
B. ROSEN

1

2          **(Whereupon, a discussion held off the**

3     **record.)**

4     **BY-MR.EISENBERG:**

5          Q.   Go ahead.

6          A.   We received -- what's your question?

7               MS.  NEEDLEMAN:   You know what,

8     excuse me one second.   Can we just take a

9     break because I want to talk to Mr. Warshaw,

10    who is not under oath.

11              MR.  EISENBERG:   Sure.

12              **(Whereupon, a brief recess taken.)**

13              MS.  NEEDLEMAN:   Okay.   Thank you for

14    the two-minute indulgence.

15              MR.  EISENBERG:   Can you read that

16    back, please.   I know you can.   Will you

17    read it, please.

18              **(Whereupon, Record read.)**

19         A.   We have -- there is a memo.   Now, I

20    don't know whether --

21              THE WITNESS:   Has counsel been

22    provided that memo?

23         A.   So, yeah, there is a memo by which

24    we were instructed to use this particular

25    terms and conditions or user agreement, if



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**

info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

46
B. ROSEN

1
2   you will, for files -- for accounts that

3   were open prior to July 1, 2008 and charged

4   off after April 1, 2005.

5        Q.   Okay.

6        A.   This file fell into that rubric in

7   that it was commenced prior to July 1, 2008

8   and was charged off after April 1, 2005.

9        Q.   Okay.  So that explains.

10       Is the responsibility -- strike that.

11       MR. EISENBERG:  And I need to ask a

12  question that does have to do with policy

13  but I'll try to relate it specifically to

14  the Bucks County agreement.

15       MS. NEEDLEMAN:  Um-hmm.

16       Q.   Does your file reflect any attorney's

17  responsibility for reviewing the Bucks County

18  case before it was filed?

19       MS. NEEDLEMAN:  Objection as to

20  outside the scope and I'm not quite sure of

21  the question.  Maybe just rephrase it a

22  little bit.

23       MR. EISENBERG:  Well, let me -- let

24  me ask that that question either be stricken

25  or just ignored.



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**

info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

B. ROSEN

1

2    Q.   Let me take it up to the time of

3  February 2011 when you sent that letter with

4  regard to the exhibits that were going to be

5  presented at arbitration.  Did you review --

6    A.   The letter was in March.

7       MS. NEEDLEMAN:   It was in March.

8    Q.   March 29th.  I'm sorry.  Okay.  Did

9  you review all those documents to ensure that

10  they were appropriate and accurate?

11    A.   I reviewed the documents.

12    Q.   Okay.  Did you review the

13  application, if you remember?

14    A.   I reviewed the application.

15    Q.   Okay.  Did you note the date of the

16  application?

17    A.   I believe I noted it on the letter,

18  but -- of March 29th.  I usually do.

19    Q.   Okay.

20    A.   But I would have to look at it.

21    Q.   All right.  And the letter is

22  attached to Fratz 3 I believe.

23    A.   Here, I have it.

24    Q.   You have it?

25    A.   It does not reference the date in


ACR ACCURATE
COURT REPORTING, INC.

Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository
**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

48
B. ROSEN

1
2    the letter.

3        Q.   Okay.

4        A.   However, I would have reviewed the

5    -- to answer your question, yes, I would

6    have reviewed the document prior to sending

7    it out.

8        Q.   Would you have reviewed the card

9    member agreement as well?

10       A.   I may not have reviewed it

11   specifically for that.  I had seen it before

12   and was pretty well familiar with it.

13       Q.   So you don't recall whether or not

14   you would have noted that it said copyright

15   2005; is that correct?

16       A.   I don't recall when I became aware

17   of it.

18       Q.   Okay.  Now, let's go to the date of

19   the actual arbitration in Bucks County of

20   this particular case, and I referenced it

21   when I started the deposition today.   You

22   recall that, yes?

23       A.   I do.

24       Q.   Okay.  When you attended that

25   arbitration, were you aware of the case that



Nationwide Depositions, Hearings and Trials ● Conference Facilities
Videoconferencing ● Legal Video Services ● Exhibit Scanning
Transcript / Video Synchronization ● 24-7 Online Repository

ACR ACCURATE
COURT REPORTING, INC.

**1.888.ACR.3335 ● 1.800.862.4206 (FAX)**
info@acrdepos.com ● www.acrdepos.com ● scheduling@acrdepos.com

49
B. ROSEN

1   is the basis for the current deposition, that

2   is to say the case represented by Fratz 3 in

3   the United States District Court?

4       A.   I was aware of that case, yes.

5       Q.   Were you aware at that time that the

6   complaint basically attempts to attack the

7   2005 card member agreement as inappropriate

8   for a 2002 application?

9       A.   Yes.

10      Q.   Okay.  But nonetheless, you went

11  ahead and presented the 2005 agreement and

12  the 2002 application as an exhibit at the

13  arbitration; isn't that correct?

14          MS. NEEDLEMAN:   I'm going to object.

15  I mean there's an inference that he shouldn't

16  have just because you made it a defense.   I

17  don't -- I don't understand that question and

18  I don't know if that's appropriate.

19          MR. EISENBERG:   Let me rephrase it.

20          MS. NEEDLEMAN:   Yeah, please.

21      Q.   When you attended as counsel for

22  Capital One the arbitration on -- and I

23  don't have the date.  I just have to find

24  that.



**ACCURATE**
COURT REPORTING, INC.

Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository
**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

50
B. ROSEN

1

2      MS. NEEDLEMAN: October 11th.

3      Q.  -- October 11th, you were aware that

4    there was a complaint in Federal Court, were

5    you not, brought by Mr. Fratz against Goldman

6    & Warshaw?

7      A.  I was aware.

8      Q.  And what was your understanding or

9    what is your understanding of the context of

10   that complaint?

11     A.  The context of the complaint?

12     Q.  Yeah.

13     A.  I'm not sure what you mean by the

14   context.

15     Q.  What were the facts that --

16     A.  The allegations?

17     Q.  Yes, the factual allegations of the

18   complaint.

19     A.  The one that I am aware of is that

20   the agreement is somehow rendered -- or the

21   user agreement or terms and conditions is

22   dated 2005 and therefore those terms and

23   conditions could not have applied to a case

24   which originated -- to a credit card case or

25   account that originated in 2002.



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

51
B. ROSEN

1

2      Q.   Okay.  And you were aware of that

3    at the arbitration?

4      A.   I was aware of the allegation, yes.

5      Q.   Okay.  Do you disagree with that

6    allegation?

7      A.   Yes.

8      Q.   Why?

9           MS.  NEEDLEMAN:   Objection, irrelevant.

10   Irrelevant.  You don't have to answer that.

11          MR.  EISENBERG:   Are you instructing

12   him not to answer?

13          MS.  NEEDLEMAN:   I'm instructing him

14   not to answer.  I mean you know what our

15   defenses are.  They're pretty well laid out

16   in our answer to the Federal Court case.  Mr.

17   Rosen's opinion about this case is

18   irrelevant.

19          MR.  EISENBERG:   Okay.

20     Q.   Do you agree that the Capital One

21   versus Fratz case in Bucks County was a

22   breach of contract action?

23     A.   Yes.

24     Q.   Okay.

25          **(Whereupon, a pause on the record.)**



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**ACR ACCURATE**
COURT REPORTING, INC.

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

52
B. ROSEN

1

2          MR. EISENBERG:   All  right.   I'm  just

3     going  to  need  a  few  minutes  just  to  go  over

4     --  we  don't  have  much  longer.

5          MS.  NEEDLEMAN:   Take  your  time.

6          Q.  Actually  before  I  start  my  review  of

7     what  I've  got  left,  I  want  to  show  you  that

8     which  I'm  going  to  ask  be  marked  GW-3.

9          **(Whereupon,  Exhibit  GW-3,  docket**

10     **entries  for  Bucks  County,  is  marked  for**

11     **identification  as  of  this  date.)**

12          Q.  Do  you  know  what  GW-3  is?   It's

13     right  in  front  of  you.

14          MS.  NEEDLEMAN:   This  is  the  Bucks

15     County  --

16          Q.  Here's  the  actual  marked  exhibit.

17          A.  Okay.   They're  all  the  same.   I

18     didn't  know  that's  what  you  were  referring

19     to.

20          Q.  Yeah,  I'm  sorry.

21          A.  Are  you  asking  if  I  know  what  it

22     is?

23          Q.  Yes.

24          A.  It's  a  --  yes.   It's  docket  entries

25     in  Bucks  County  for  the  case  of  Capital  One



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

53
B. ROSEN

1
2    Bank (USA) N.A. versus Charles J. Fratz.

3         Q.   Now, would you please look at the

4    last docket entry dated February 11, 2011 and

5    read that into the record.

6         A.   "Arbitration award in favor of

7    plaintiff in the sum of $4,597.51."

8         Q.   Same day?

9         A.   Yeah.   "Notice of entry of award

10   mailed on 10/12/2011."

11        Q.   Was this the amount that you sought

12   as an award?

13        A.   When you say sought the award --

14        Q.   Well, the wherefore clause in the

15   complaint against Charles Fratz brought by

16   Capital One in Bucks County has a prayer for

17   $6,813.20.

18        A.   And is it that same number?

19        Q.   Yes.

20        A.   No, it's not the same number.

21        Q.   Do you know why there's a disparity

22   here between the amount of your prayer and

23   the amount awarded?

24        A.   Because the arbitration panel saw fit

25   to enter a different number.



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

1.888.ACR.3335 • 1.800.862.4206 (FAX)
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

B. ROSEN

1

2      Q.   Do you have any reason to know why?

3      A.   No, they don't disclose that.

4           MR. EISENBERG:   I'm going to ask

5      that this be marked G4.   GW-4, excuse me.

6           **(Whereupon, Exhibit GW-4, Answer to**

7      **Plaintiff's Complaint with Affirmative**

8      **Defenses, is marked for identification as of**

9      **this date.)**

10          MR. EISENBERG:   I may not use --

11     let me go off the record.

12          **(Whereupon, a discussion held off the**

13     **record.)**

14          MR. EISENBERG:   I am going to use

15     it.

16     Q.   I want you to take a look at first

17     Fratz 3, paragraph 40, and the part of Fratz

18     3 that I want you to look at is the class

19     action complaint and civil action.

20          MS. NEEDLEMAN:   I'm sorry, Stuart,

21     what paragraph?

22          MR. EISENBERG:   Forty.

23          MS. NEEDLEMAN:   Forty?

24          MR. EISENBERG:   Yes, and while we're

25     waiting, I'll read it into the record.   "The



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**

info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

ACR ACCURATE
COURT REPORTING, INC.

B. ROSEN

1

2      evidence includes a contract represented as

3      the operative contract," there's a misspelling

4      of operative, "but which is clearly not the

5      operative contract. See paragraphs 8 through

6      and including 12 above."

7          Q.   Do you see that?

8          A.   I see paragraph 40, yes.

9          Q.   And do you agree with that which I

10     read into the record?

11             MS. NEEDLEMAN:   Objection.   It's a

12     conclusion of law.

13         A.   You're asking me if that's what it

14     says or do I agree with --

15         Q.   Do you agree that I read into the

16     record that which it says?

17             MS. NEEDLEMAN:   The complaint speaks

18     for itself.   Paragraph 40 speaks for itself.

19             MR. EISENBERG:   Well, he can agree

20     that it's what I read into the record.

21             MS. NEEDLEMAN:   That's all I'm going

22     to say.

23         A.   Yeah, I believe so, yes.

24         Q.   Okay.   The answer by Goldman &

25     Warshaw in GW-4 at paragraph 40, would you

Nationwide Depositions, Hearings and Trials ● Conference Facilities
Videoconferencing ● Legal Video Services ● Exhibit Scanning
Transcript / Video Synchronization ● 24-7 Online Repository



**1.888.ACR.3335 ● 1.800.862.4206 (FAX)**
info@acrdepos.com ● www.acrdepos.com ● scheduling@acrdepos.com

56
B. ROSEN

1
2     read that into the record.

3           A.    The answer to paragraph 40?

4           Q.    Yes.

5           A.    "The allegations of this paragraph

6     are denied in their entirety."

7           Q.    Why?

8           A.    I didn't write this.  So I didn't

9     review it until, you know, I'm sure before

10    it was filed.  So I'm not sure I'm qualified

11    to give an answer, but I suppose -- it

12    appears that we're denying the -- there are

13    more than one allegation in paragraph 40 and

14    they are both incorrect.

15          Q.    Okay.  Is it your testimony now that

16    the contract that's been discussed, the card

17    member agreement that we've discussed

18    throughout this deposition was not represented

19    by Goldman & Warshaw as the operative

20    contract between creditor and debtor, Capital

21    One and Mr. Fratz?

22                MS.  NEEDLEMAN:   Objection.

23          A.    That's not what the letter -- first

24    of all --

25                THE  WITNESS:   I'm sorry.



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository
**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

57
B. ROSEN

1

2          MS. NEEDLEMAN:  Note my objection.

3     A.   That's not what paragraph 40 says.

4     Q.   Paragraph 40 says "The evidence

5  includes a contract," which is the contract

6  with the copyright 2005, "was represented as

7  the operative contract."  Do you not believe

8  that that contract, the card member agreement

9  which has been the subject of discussions

10 throughout this deposition was not represented

11 by Goldman & Warshaw as the operative

12 contract between the plaintiff and defendant

13 in the Bucks County case?

14         MS. NEEDLEMAN:  I have to object

15 because of the form of the question.  It's a

16 double negative.  So I'm just confused.  Can

17 we try to break it down as simple as

18 possible --

19         MR. EISENBERG:  Sure.

20         MS. NEEDLEMAN:  -- so we can get

21 what you need to say and my client can

22 answer.

23    Q.   You represented -- strike that.

24         You submitted as evidence to the

25 arbitration panel a card member agreement for



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

58
B. ROSEN

1
2    what purpose?

3         A.   For the panel to consider when -- as

4    evidence when rendering their decision.

5         Q.   Evidence of what?

6         A.   Evidence of the terms and conditions.

7         Q.   Of what?

8         A.   Of the credit card, the terms and

9    conditions applicable to the credit card.

10        Q.   As the operative agreement between

11   Fratz and Capital One for the issuance of

12   the credit card or accompanying the issuance

13   of the credit card?

14        A.   As the agreement that would apply in

15   that circumstance, yes.

16        Q.   Okay.  Do you stand by that

17   testimony, that the 2005 agreement was the

18   operative agreement?

19        A.   I have no --

20             MS. NEEDLEMAN:   I'm going to object

21   for a second.  Do you mean does Goldman &

22   Warshaw stand by it or does Capital One?  I

23   mean are you asking him as a 30(b)(6) for

24   Goldman & Warshaw?

25             MR. EISENBERG:   I'm asking him as a



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository
**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

ACR**ACCURATE**
COURT REPORTING, INC.

59
B. ROSEN

1
2     representative of Goldman & Warshaw, yeah,

3     not Capital One.

4          MS. NEEDLEMAN:  Okay.  I just want

5     to be clear.

6          A.  Our instructions from Capital One are

7     that this is the terms and conditions

8     applicable to this contract.

9          Q.  All right.  As the attorney for

10    Capital One is it your determination that

11    this 2005 agreement was the operative

12    agreement covering the issuance of the credit

13    card to Charles Fratz?

14         A.  Well --

15         MS. NEEDLEMAN:  I'm going to object.

16    I mean you're asking him now for his

17    attorney analysis of this case, which was an

18    analysis that he had discussed with his

19    client.  So we're kind of getting into

20    attorney/client privilege here.  You're

21    skirting it.  You're really skirting it

22    because you're asking for his legal analysis

23    of what he concluded and that involved a

24    discussion with his client.

25         MR. EISENBERG:  The law of



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**

info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

60
B. ROSEN

1
2   Pennsylvania requires that an attorney review

3   documents in good faith before submitting

4   them to the court.

5           MS. NEEDLEMAN:  It might, but that's

6   not the claim here.  The claim here is that

7   its admission was --

8           MR. EISENBERG:  Well, it's his

9   responsibility --

10          MS. NEEDLEMAN:  -- an E2A claim and

11  an E claim.

12          MR. EISENBERG:  What I'm claiming --

13  what I'm asserting is it's his -- I'm not

14  asserting it in here.  I'm asserting it is

15  his responsibility to have reviewed these

16  documents when they were submitted.

17          MS. NEEDLEMAN:  But you haven't

18  asserted a claim in your complaint about

19  that.  That's the problem, and now you're

20  going not only beyond the deposition, you're

21  going beyond the four corners of the

22  complaint.

23          MR. EISENBERG:  Well --

24          MS. NEEDLEMAN:  So if there's a way

25  you can fashion this to get within the



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository

**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

61
B. ROSEN

1

2    parameters of why we're here, you can ask

3    him any question you want, but when you

4    start to go beyond that, I'm going to have

5    to object.

6         Q.   How long have you been practicing

7    law?

8         A.   Since 1985.

9         Q.   Is it your opinion as an attorney

10   practicing I believe with Goldman & Warshaw

11   for three years and preceding with other law

12   firms, that the 2005 agreement is the

13   operative agreement?   Easy.   It's either a

14   yes or a no.

15        MS. NEEDLEMAN:   Note my objection.

16   Note my objection.   If you can answer the

17   question.

18        A.   Capital One is a fairly sophisticated

19   client.   They're fairly hands on.   They

20   review documents.   If they instruct me in

21   this instance that this -- these terms and

22   conditions are applicable to this file, then

23   I accept that.

24        Q.   Okay.   Take a look -- wait.   I may

25   not even...



Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository
**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com

62
B. ROSEN

1

2        **(Whereupon, a pause on the record.)**

3        Q.  Sir, look at paragraph 41 of Fratz 3

4   and read it into the record, please.

5        A.  "The evidence proffered by defendants

6   is clearly intended to represent the

7   governing contract between the parties."

8        Q.  And the answer to the complaint in

9   GW-4?

10       A.  Admitted.

11       MR. EISENBERG:  I have no further

12  questions.

13       MS. NEEDLEMAN:  I have a few.

14                    **EXAMINATION**

15  **BY-MS.NEEDLEMAN:**

16       Q.  Barry, at the arbitration, did Mr.

17  Fratz appear?

18       A.  No, he did not.

19       Q.  And what was the explanation for him

20  not being able to appear?

21       A.  The explanation I was given was

22  because he had to work.

23       Q.  And was that from Mr. Eisenberg?

24       A.  It was.

25       Q.  Okay.  Did Mr. Eisenberg argue that



**ACR ACCURATE** COURT REPORTING, INC.

Nationwide Depositions, Hearings and Trials • Conference Facilities
Videoconferencing • Legal Video Services • Exhibit Scanning
Transcript / Video Synchronization • 24-7 Online Repository
**1.888.ACR.3335 • 1.800.862.4206 (FAX)**
info@acrdepos.com • www.acrdepos.com • scheduling@acrdepos.com