IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES FRATZ, *ET AL.*, | : | CIVIL ACTION |
| | : | |
| v. | : | CASE NO.  11-cv-02577 MSG |
| | : | |
| GOLDMAN & WARSHAW, P.C. | : | |

## PRAECIPE TO SUPPLEMENT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Kindly file the attached Exhibit "D" as a supplement to the Plaintiff's Memorandum of

Law in Support of Plaintiff's Motion for Summary Judgment, originally filed with the Court on

November 28, 2011.  Exhibit "D" is entitled "Statement of Disputed Facts".

Respectfully submitted:

Stuart A. Eisenberg, Esquire
Attorney I.D. 12433
Carol B. McCullough, Esquire
Attorney I.D. 56424
McCullough Eisenberg, LLC
65 West Street Road, Suite A-105
Warminster, PA 18974
Tel.  (215) 957-6411
Fax. (215) 957-9140
mlawoffice@aol.com

December 12, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES FRATZ, *ET AL.,* | : | CIVIL ACTION |
| | : | |
| v. | : | CASE NO.  11-cv-02577 MSG |
| | : | |
| GOLDMAN & WARSHAW, P.C. | : | |

## STATEMENT OF UNDISPUTED FACTS

The following sets forth that which Plaintiff's counsel believes to be facts that are not in dispute and, therefore, in support of Plaintiff's Motion for Summary Judgment.  This Statement is intended to be filed as Exhibit "D", a supplement to the already filed Motion for Summary Judgment:

1.      On November 28, 2008, Goldman & Warshaw, on behalf of Capital One, filed a collection law suit in the County of Bucks, Pennsylvania, docketed in the Court of Common Pleas as *Capital One Bank (USA), N.A., v. Charles Fratz,* No. 08-12145-34-1.

2.      Plaintiff, Charles Fratz, filed a timely Answer and New Matter to the Complaint.

3.      On its face, the Complaint is a generic complaint.

4.      By date of March 29, 2011, Law Firm, on behalf of Capital One, served on plaintiff's attorney documents intended by defendants to be presented as evidence at the arbitration trial of the case.

5.      The evidence includes a contract represented as the operative contract.

6.      The application for credit and the card issuance were in the year 2002.

7.      The Cardmember Agreement is dated 2005.

8.      Defendant has not provided a Cardmember Agreement correlated to the date of the credit card application, the latter occurring in 2002.

1

9.     There is no evidence corroborating the proffered Cardmember Agreement with the date of issuance of the subject credit card, to wit: 2002.

10.     Goldman & Warshaw, by its representative, an attorney who handled the underlying case in Bucks, has testified that the 2005 Cardholder Agreement controlled the terms and conditions of the alleged creditor-debtor relationship between Capital One Bank (USA), N.A. and Plaintiff.

11.     The proffered Cardholder Agreement was NOT presented by Defendant as a modification or amendment, or the like, of any 2002, or preceding, Cardmember Agreement.

12.     Goldman & Warshaw is a debt collector.

13.     Plaintiff suffered damages as he was caused to utilize the services of the undersigned attorney to defend the underlying law suit and paid a retainer of $1,800.00.

14.     The 2005 Cardmember Agreement proffered by Defendant as the operative contract for the 2002 credit card issuance is systemically used by attorneys, including Defendant, in their representation of Capital One Bank (USA), N.A. pursuant to instructions from Capital One Bank (USA), N.A. as set forth in an undated memorandum from Capital One Bank (USA), N.A., undated and which is attached to Plaintiff's Memorandum of Law in Support of his Motion for Summary Judgment.

15.     The 2005 Cardmember Agreement proffered by Defendant as the operative contract for the 2002 credit card issuance is systemically used by attorneys, including Defendant, in their representation of Capital One Bank (USA), N.A. pursuant to instructions from Capital One Bank (USA), N.A. as described by the Declaration of Capital One Bank (USA), N.A.'s representative, Richard A. Napolitano, a true and correct copy of which is attached to Plaintiff's Memorandum of Law in Support of his Motion for Summary Judgment, as Exhibit "B".

2

16.     The subject 2005 Cardmember Agreement was **NOT** part of the Plaintiff's file.

17.     The unrelated Cardmember Agreement came from Capital One Bank (USA), N.A.

18.     The subject Cardmember Agreement has been used in debt collection cases for Capital One Bank (USA), N.A.

19.     The 2005 Cardmember Agreement proffered by Defendant as the operative contract for the 2002 credit card issuance is systemically used by attorneys, including Defendant, in their representation of Capital One Bank (USA), N.A. pursuant to instructions from Capital One Bank (USA), N.A. as described by Defendant's representative, Barry Rosen, Esquire, in his deposition testimony, attached as Exhibit "A" to Plaintiff's Memorandum of Law in Support of his Motion for Summary Judgment, specifically in the deposition at page 45:19, *et seq.*

20.     Barry Rosen, Esquire, Defendant's representative testified that the instructions by Capital One Bank (USA), N.A. for use of the subject 2005 Cardmember Agreement was "to use this particular terms and conditions or user agreement, if you will, for files – for accounts that were open prior to July 1, 2008, and charged off after April 1, 2005."

21.     The issuance date of any credit was of no consequence in the use of the 2005 Cardmember Agreement in collection law suits on behalf of Capital One Bank (USA), N.A., as long as the credit cards at issue were issued prior to July 1, 2008, and were charged off after April 1, 2002.

22.     The evidence proffered by Goldman & Warshaw, P.C. is clearly intended to represent the governing contract between the parties.

23.     Collection counsel, including Defendant, are told to use generic Cardmember Agreements dated 2005, regardless of specific applicability.

3

24.     There is an arbitrary assignment or delegation of Cardmember Agreements to collection cases based **NOT** on the date of issuance of the respective credit card correlated to the date of the Cardmember Agreements, but rather on a period of time covering July 1, 2008 and back in time to a nondescript date.

25.     Capital One's existence dates back to 1988.

26.     Defendant has presented, proffered, referred to or otherwise cited any Cardmember Agreement applicable to the Plaintiff's credit card issuance in 2002.

27.     There is and has been presented no foundation for the use of the 2005 Cardmember Agreement.

28.     The only Cardmember Agreement that is applicable as a foundation to the Plaintiff's credit card issued in 2002 is a Cardmember Agreement dated 2002 or preceding 2002.

29.     The captioned law suit was filed on April 14, 2011.

30.     The underlying Bucks County law suit was filed in 2008.

31.     The 2005 Cardmember Agreement was provided to counsel for Plaintiff as evidence to be presented at arbitration of the underlying case by letter dated March 29, 2011.

32.     The amount sought at arbitration by Defendant on behalf of Defendant's client, Capital One Bank (USA), N.A., was $6,813.20.

33.     The only objection presented at the arbitration by counsel for Plaintiff, Defendant at the arbitration, was the disputed Cardmember Agreement and counsel's assertion that, as a 2005 Cardmember Agreement, it was inapplicable to the amount of the award sought of $6,813.20.

34.     The arbitration panel awarded only $4,597.61, $2,215.59 less than the sought amount of $6,813.20.

4

The above is believed to represent those facts that are or should be undisputed.

Respectfully submitted:

Stuart A. Eisenberg, Esquire
Attorney I.D. 12433
Carol B. McCullough, Esquire
Attorney I.D. 56424
McCullough Eisenberg, LLC
65 West Street Road, Suite A-105
Warminster, PA 18974
Tel.  (215) 957-6411
Fax. (215) 957-9140
mlawoffice@aol.com

5