**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES FRATZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>     Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK (USA) N.A. AND GOLDMAN & WARSHAW, P.C.,<br><br>     Defendant. | Hon. Mitchell S. Goldberg<br>Civil Action No.: 11-CV-02577-MSG |

**DEFENDANT'S, GOLDMAN & WARSHAW, REPLY IN SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant, Goldman & Warshaw, ("Goldman") submits this reply brief in further support of its Cross-Motion for Summary Judgment and to address issues raised in the Plaintiff's response.

**I.     PLAINTIFF MISINTERPRETS THE LAW OF RES JUDICATA AND COLLATERAL ESTOPPEL**

Plaintiff's opposition brief does not raise a genuine dispute regarding any of the elements of Goldman's res judicata and collateral estoppel defenses.   Thus, summary judgment is appropriate.

With respect to res judicata, Plaintiff disputes three elements.  First, Plaintiff denies that there is identity of the "thing sued upon" because Plaintiff prevailed on the FDCPA issue in the Bucks County Lawsuit (or so Plaintiff contends).  Res judicata, though, applies without regard to the result of the prior lawsuit; all that matters is that the underlying judgment must have been rendered on the merits.  See *Tobias v. Halifax Twp.*, 28 A.3d 223 (Pa. Commw. Ct. 2011)

(applying res judicata to bar a claim where the plaintiff had prevailed on a similar claim in a prior lawsuit); *Madara v. Com.*, 397 A.2d 1294, 1295 (Pa. Commw. Ct. 1979) ("Where the same cause of action is involved, the doctrine can be summarized: plaintiff's cause of action is merged in a final judgment if he wins, or barred by it if he loses.") (internal quotations omitted).  Win or lose, Plaintiff has already had his bite at the apple, and is not entitled to another.

Regardless, it is simply not true that Plaintiff won the issue in the Bucks County Lawsuit. The arbitrator entered judgment against Plaintiff for $4,597.51, which is the amount reflected in the July 2007 account statement.  Plaintiff suggests that this amount reflects principal only, without any late fees, interest, and the like.   But the statement reflects $107.25 in finance charges, which are included in the new balance of $4,597.51.  Upon analysis of the remaining statements submitted to the arbitrator, it becomes clear that a significant portion of the $4,597.51 judgment reflected finance charges that had accrued over the months leading up to July 2007. *(Doc. No. 31 at Exhibit D)* If the arbitrator had determined that the 2005 Account  Agreement did not apply, such that Capital One was not entitled to impose finance charges, the judgment would have been for a dramatically lower amount.  Thus, the only plausible conclusion is that Plaintiff did not prevail on this issue on his first bite at the apple, i.e. that Capital One was permitted to enforce the 2005 Account Agreement.

Second, Plaintiff denies that there is identity of "the cause of action" because the prior action arose in contract, while this claim arises under statutory law.  This argument ignores the cases holding that the "causes of action" identity turns on whether the various claims arise from an essentially similar set of facts, and that affirmative defenses count as "claims".  *Merritt Logan, Inc. v. Fleming Foods*, 138 B.R. 15, 24 (E.D. Pa. 1992); *Thompson v. Karastan Rug Mills*, 323 A.2d 341(Pa. Super. Ct. 1974).  Here, Plaintiff's FDCPA defense in the Bucks County

Lawsuit and the Plaintiff's FDCPA affirmative claims in this lawsuit have the necessary identity because they arise from the same essential underlying events.

Third, Plaintiff declares that it is "ludicrous" that attorneys and their clients could satisfy the "identity of parties" element of res judicata.   Courts in this district have routinely found that attorneys and their clients share the close relationship required to establish privity. See *Vacanti v. Apothaker & Associates*, 2011 U.S. Dist. LEXIS 120109 (E.D. Pa, Nov 12, 2010); *Iseley v. Talaber,* No. 05-444, 2008 WL 906508, at * 3 n.1 (E.D. Pa. Mar. 31, 2008) (finding that defendant in the present action, though not named in the prior action, was in privity with the defendant in the prior action because "he served as counsel in the action and . . . shared the same legal interests in the outcome of that case."). See also *Waris v. Mackey,* No. 09-1103, 2009 WL 4884204, at *8 (E.D. Pa. Dec. 15, 2009) ("With businesses, their employees and attorneys are in privity with the business."); Jett, 2004 WL 1595734, at *14 (holding that attorney acted as an "agent" for client based upon the representation in prior lawsuit and therefore was in privity with the client for res judicata purposes); but see *Ammon v. McKloskey,* 655 A.2d 549, 554 (Pa. Super. 1995). See also,  *Hillgartner v. Port Authority*, 936 A.2d 131, 140 (Pa. Commw. Ct. 2007)(a principal and its agent are in privity for res judicata purposes).

The sum and substance of Plaintiff's whole claim is that Goldman acted on Capital's One's behalf to perpetrate "this scheme to defraud consumer".   (Doc No 1 at ¶¶ 7, 9)  For Plaintiff to even argue a  lack of privity is ignorance of his own pleadings.

Because all four identities exist, Plaintiff's claims are all barred by res judicata.  This preclusion applies to all of Plaintiff's claims, whether raised in the Bucks County Lawsuit or not, because all such claims could have been raised there.  *See R/S Fin. Corp. v. Kovalchick*, 716

A.2d 1228, 1230 (Pa. 1998) (holding that res judicata bars claims there were or could have been asserted in the prior lawsuit).

With respect to collateral estoppel, Goldman incorporates its res judicata argument by reference and otherwise stands on its prior brief. Plaintiff's claims are therefore barred as a matter of law and no genuine issue of material facts exists. Judgment must be entered in Goldman's favor and against the Plaintiff.

## II.   PLAINTIFF'S OWN ALLEGATIONS IN ITS COMPLAINT SUGGEST THAT GOLDMAN WAS INTENDING TO MISREPRESENT THE COURT

Plaintiff's attempt to distinguish *O'Rouke v. Palisades Acquisition XVI, LLC* 635 F.3d 938 from the claims and issue in this case completely ignores Plaintiff's own pleadings as well as the holding in *O'Rouke*.

*O'Rouke* was in fact a narrow issue involving a question specifically framed by the Appellant: whether a statement of account was materially, false, deceptive and misleading to a state court judge who was viewing the document in the context of granting a default judgment. *Id.* at *2. However the analysis of *O'Rouke* is not only persuasive but relevant to the allegations that Plaintiff is asserting, as the 7th Circuit recognized that the FDPCA is limited in its purposes and does not cover state court judges or anyone else who does not stand in the shoes of the consumer. Id at *5; *12.

The crux of Plaintiff's complaint rest on the issue of "evidence" as used by Goldman and Capital One when a case resorts to litigation.   A few examples of Plaintiff's pleadings are as follows:

- using false information and documentation, and without proper documentation sufficient to establish and substantiate the causes of action (Doc No. 1 at ¶ 2)

- Defendant.. Goldman & Warshaw.. continued and perpetrated the lawsuit, without proper documentation … attached incorrect , false or otherwise irrelevant documents as exhibits

to complaints and/or as evidence for trial, with the belief that the consumers will not question or investigate (Doc No. 1 at ¶ 6) [1]

- The 2005 Customer Agreement was sent to Plaintiff's counsel as part of an arbitration package and not view by the Plaintiff  (Doc No. 1 at ¶ 9)

- When defendants engage in the institution and perpetration of credit card collection lawsuits, exhibits intended to reflect a contract between the parties are misrepresentations …. (Doc No. 1 at ¶ 26)

- Defendants have been at all times relevant, aware that they have been utilizing false documentation as evidentiary documentation.  (Doc No. 1 at ¶ 27)

-  Defendants have been at all times relevant, aware that they have been utilizing false documentation as exhibits to pleadings and trial.  (Doc No. 1 at ¶ 28)

Plaintiff does not argue that the bringing of the lawsuit was, in it of itself, the violation here, rather it was the use of certain documents as evidence and at trial.  Specifically as to this case and as to the procedures in Bucks County, the 2005 Customer Agreement was not attached to Goldman's original complaint but was provided as part of an arbitration package pursuant to the Pennsylvania Rules of Procedure. [2] By Plaintiff's own allegations of his pleadings, the 2005 Customer was meant to perpetrate fraud upon the Court in order for Goldman to collection a debt and secure a judgment against the Plaintiff. There are no allegations in the Complaint that Plaintiff, or the class of people he allegedly represents, received any of this fraudulent documentary evidence. In fact as to the Plaintiff, it was directed to his attorney on March 29, 2011. (Doc No. 1 at ¶ 9).

Plaintiff's theory of his case and his claims therein are based solely on the manner in which Goldman files its complaint and tries its cases before the Court. Pursuant to the reasoning of the 7th Circuit in *O'Rouke*, that theory fails as a matter of law. The courts and those

---

[1]  This was the exact fact pattern in O'Rourke, that a statement of account would not be review by the consumer but by the state Court judge entering default judgment.
[2]  This is what Goldman meant to say on p. 9 of its Cross Motion. Goldman's reference to Doc NO. 1-2; Exhibit A of the Plaintiff's complaint was inaccurate.

who make determinations of fact and law are not a class of persons Congress chose to protect. Therefore no genuine issue of material facts exists as to whether the subject communication and conduct is subject or otherwise violates the FDCPA. Judgment must be entered in Goldman's favor and against the Plaintiff.

III.   **THE UNFAIR TRADE PRACTICES ACT (UTPCPL) DOES NOT APPLY TO ATTORNEY CONDUCT**

Plaintiff concludes that Goldman is subject to the UTPCPL because it offers its services for sale. Assuming that providing services for sale falls within the definition of "trade" or "commerce", Goldman never provided any services to the Plaintiff, nor could it without engaging in a serious conflict of interest with it own client, Capital One.

More importantly, the Pennsylvania Supreme Court has spoke on the issue of attorney conduct and violations of the UTPCPL in the case of *Beyers v. Richmond*, 937 A. 2d 1081 (Pa. 2007). In *Beyers*, the Supreme Court declined to hold that the UTPCPL applies to attorney conduct, even when the attorneys were misappropriating client monies through their trust account. *Id*. at p. 1086. Similarly, Goldman's litigation conduct of submitting documents as evidence and the litigation of the matter in arbitration is also not applicable to the UTPCPL. To apply the UTPCPL under those set of circumstances would encroach upon a state court's exclusive power to regulate attorney conduct, especially in this Commonwealth. *Id*. citing *In re Larson*, 812 A.2d 640 (Pa. 2002).   This Federal court should be equally prohibited.

No genuine issue of material facts exists as to whether the UTPCPL is applicable to Goldman therefore judgment must be entered in Goldman's favor and against the Plaintiff.

IV.   **PLAINTIFF'S RESPONSE CONFIRMS THAT HE HAS FAILED TO MEET HIS BURDEN TO PROOF THAT THE 2005 CUSTOMER WAS FALSE OR OTHERWISE INOPERATIVE**

To meet its burden, Plaintiff was required to bring forth evidence that the 2005 Customer Agreement was false or otherwise not correct. Plaintiff's only evidence is his own conclusions that the 2005 Agreement cannot in anyway govern a credit card issued in 2002. Goldman, on the other hand, has (1) put forth the declaration of Richard A. Napolitano which affirms that the Agreement used in the Bucks County litigation was not only correct but applicable to this Plaintiff; (2) referenced Regulation Z which permits Capital One to use subsequent card agreements after the date of issuance, and (3) shown that there has been a judicial determination that monies are owed by the Plaintiff based on the 2005 Customer Agreement.

However, Plaintiff's response asserts the same arguments that have already been disproven and which are not sufficient to rebut Goldman's evidence. Plaintiff has no evidence from Capital One, Goldman or anyone else which proves the inaccuracy of 2005 Customer Agreement, despite overwhelming evidence to the contrary.

No genuine issue of material facts exists as to the validity of the 2005 Customer Agreement, therefore judgment must be entered in Goldman's favor and against the Plaintiff.

## V.      CONCLUSION

For the reasons set forth in Goldman's reply memorandum, Goldman's Cross-Motion for Summary Judgment must be granted and Plaintiff's Motion for Summary Judgment must be denied.

Respectfully Submitted,
**MAURICE & NEEDLEMAN, P.C.**


/s/ *JOANN NEEDLEMAN*
_____

JOANN NEEDLEMAN (74276)
935 One Penn Center
1617 John F. Kennedy Blvd
Philadelphia, PA 19103
(215) 789-7151
(215) 563-8970
joann@mnlawpc.com
*Attorney for Defendant, Goldman & Warshaw, P.C.*


Date: January 20, 2012

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of the foregoing Reply Memorandum in Support of Defendant's, Goldman & Warshaw, Cross-Motion for Summary Judgment was served on this date via the electronic filing system and regular mail, postage-prepaid, addressed to the following:


STUART EISENBERG, ESQ
SUITE 201
530 WEST STREET ROAD
WARMINSTER, PA 18974




/s/ *JOANN NEEDLEMAN*

_____
JOANN NEEDLEMAN (74276)

 Dated:  January 20, 2012